[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE; PLAINTIFF'S MOTION TO STRIKEFROM JURY LIST (#148)AND DEFENDANT'S OBJECTION (#151)
This is an action by plaintiff partnership to recover fees allegedly due and owing for accounting services rendered. The first count of the four-count complaint sounds in breach of express contract.[1] The prayer for relief requests money damages, attorneys' fees, and specified equitable relief. On or about January 18, 1994, plaintiff claimed the matter for the court trial list; shortly thereafter (on or about 1/21/94), defendants claimed the case for jury trial, and paid the jury claim fee.
The contract claim is apparently based on a nine-page engagement letter dated March 3, 1992. That detailed document set forth the terms and provisions which were to pertain "[i]n the event it . . . [became] necessary for LRC to bring an action against Barber to recover professional fees and/or any other amounts due under [the engagement letter]. . ." Paragraph number 4 thereof, under "Terms, Conditions, and Representations", reads, as follows:
 "Trial by Jury, Arbitration: Barber waives trial by Jury. LRC reserves its option to have any dispute arising between the parties under this agreement to be submitted to binding arbitration, at its option. Barber consents to binding arbitration if LRC exercises its option to binding arbitration."
Article First, Section 19 of the Connecticut Constitution, as amended, provides: "the right of trial by jury shall remain inviolate. . ." General Statutes Sections 52-215 and 52-215a concern, and make provision for, jury trials in civil cases. Our appellate courts have stated: "`Litigants in a civil case have a constitutional right to have a question of fact decided by a jury.'" CT Page 7323Beizer v. Goepfert, 28 Conn. App. 693, 703 (1992). In the present case, the complaint asserts both actions at law and actions grounded in equity. As our Supreme Court has stated, "[w]here . . . the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to a jury, even though equitable relief is asked in order to give full effect to the legal rights claimed." United States Trust Co. v. Bohart, 197 Conn. 34,45 (1985).
After reviewing the entire court file, it appears that this case, in substantial part, involves the enforceability of the terms included in the March 3, 1992 engagement letter. In a deposition, conducted on December 1, 1994, Mr. Arthur F. Barber stated that his signature appears on page 9 of the engagement letter; however, he also stated that he had never seen the letter before, that he had no idea how his signature got on the document, that the document was not one of the engagement letters he received in 1992, and that it is not possible he "could have just forgotten this document and the fact that [he had] signed it." The said engagement letter is signed by Mr. Donald J. Roberge, CPA, Partner, at the very bottom of page eight; Mr. Barber's signature is on page nine, with the title of "President", and with the date space left blank.[2]
The renewed motion to strike this case from the jury list is based primarily on the individual defendant's deposition testimony that the signature appearing on page nine is, in fact, his signature.[3] As indicated, the deponent also stated, under oath, that he had never before seen that letter or agreed to its content. On the limited information before the court, I am unable to find a knowing waiver of a basic right to a jury trial.
The motion to strike from the jury list is herebydenied.
Mulchay, J.